Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000766
31-JUL-2015
07:51 AM

NO. CAAP-12-0000766

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JAMES HARRIS, JR., Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KĀNE'OHE DIVISION
(CASE NO. 1DTC-12-023536)

SUMMARY DISPOSITION ORDER
(By: Foley and Fujise, JJ.,
with Nakamura, C.J., concurring separately)

Defendant-Appellant James Harris, Jr. (Harris) appeals
from the Notice of Entry of Judgment and/or Order and
Plea/Judgment, entered on August 6, 2012, in the District Court
of the First Circuit, Kāne'ohe Division (District Court).[1] The
District Court convicted Harris of excessive speeding, in
violation of Hawaii Revised Statutes (HRS) § 291C-105(a)(2)
(2007).[2]

On appeal, Harris argues, among other things, that the
District Court erred in convicting him where the court (1) lacked
jurisdiction over the case because the charge failed to allege
the mens rea, an essential element; and (2) abused its discretion
in admitting Officer Mark Kutsy's (Officer Kutsy) speed reading
without a sufficient foundation as to the officer's training and

_____

[1]     The Honorable Linda K.C. Luke issued the Judgment.

[2]     HRS § 291C-105(a)(2) provides, "No person shall drive a motor
vehicle at a speed exceeding . . . [e]ighty miles per hour or more
irrespective of the applicable state or county speed limit."

maintenance of the LTI [Laser Technology, Incorporated] 20-20 Ultralyte laser (Ultralyte).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Harris's points of error as follows, and reverse.

With regard to first point of error, Plaintiff-Appellee State of Hawai'i (State) issued Harris a citation for excessive speeding; the citation summoned Harris to appear in district court for arraignment; at the arraignment hearing, Harris waived the reading of the charge; prior to the commencement of trial, the State orally charged Harris; and the oral charge included the mens rea. The citation, coupled with the oral reading of the charge constituted the complaint. See Hawai'i Rules of Penal Procedure Rule 5(b)(1) and 7(a), HRS § 291C-105(c) (Supp. 2014). Because the oral charge included the mens rea, the complaint was not defective.

With regard to the second point of error, the District Court abused its discretion by admitting the speed-reading evidence because the State failed to establish that Officer Kutsy's training in the operation of the Ultralyte met the manufacturer's requirements. See State v. Amiral, 132 Hawai'i 170, 178-79, 319 P.3d 1178, 1186-87 (2014) and State v. Gonzalez, 128 Hawai'i 314, 326-27, 288 P.3d 788, 800-01 (2012). Without establishing such, the State failed to lay a sufficient foundation for admission of the speed reading. Absent the speed reading, there was insufficient evidence to support the conviction.

Given our holding, this court need not address Harris's remaining arguments. Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on August 6,

2012, in the District Court of the First Circuit, Kāneʻohe Division, is reversed.

DATED:  Honolulu, Hawaiʻi, July 31, 2015.

On the briefs:

Kevin O'Grady,
for Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge